OPINION *Page 2 
{¶ 1} On June 26, 2008, Attorney Brian Benbow filed a brief on behalf of his client pursuant to Anders v. California (1967), 386 U.S. 738. In said brief, Attorney Benbow set forth possible errors that could be raised, but concluded there was no legal basis for same. Attorney Benbow certified he had reviewed the entire file and found no basis for an appeal. Contemporaneous with the filing of the Anders brief, counsel filed a motion to withdraw.
 {¶ 2} The Anders court established five criteria which must be met before a motion to withdraw by appellate counsel may be granted. The five criteria are: (1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw by appellant's counsel was filed; (3) the existence of a brief by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the court should address. Anders at 744. The Anders court further explained the following at 744:
 {¶ 3} "[T]he court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not *Page 3 
frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."
 {¶ 4} According to the certificate of service attached to hisAnders brief, Attorney Benbow complied with the procedures set forth inAnders and served a copy of his Anders brief and his motion to withdraw upon his client (June 26, 2008). His client was also advised of her right to file a pro se brief on her own behalf, but to date has not done so. See, Notice to Court, Notice of Appellant's Right to Respond filed July 10, 2008.
 {¶ 5} We note in In the Matter of Diamond S., Guernsey App. No. 03-CA-24, 2004-Ohio-611, this court extended the principles ofAnders to cases involving the termination of parental rights.
 {¶ 6} On March 8, 2007, appellee, Muskingum County Children Services, filed a complaint for permanent custody of Konner McBrayer born July 25, 2006, alleging the child to be abused, neglected, and dependent (this complaint was a re-filing). Mother of the child is appellant, Paula Joswick McBrayer; father is David McBrayer. At the age of four months, Konner was diagnosed as suffering from "shaken baby syndrome" and will spend the rest of his life in a vegetative state.
 {¶ 7} On March 19, 2008, a criminal court sentenced Mr. McBrayer to eight years in prison after he pleaded guilty to two counts of child endangering in violation of R.C. 2919.22 regarding Konner's injuries.
 {¶ 8} An adjudicatory and dispositional hearing was held on March 31, 2008. Appellant and Mr. McBrayer were both represented by counsel. At the very beginning of the hearing, appellant stipulated to a finding of abuse and permanent custody to *Page 4 
appellee. The hearing continued as to Mr. McBrayer. By judgment entry filed April 3, 2008, the trial court granted permanent custody of the child to appellee.
 {¶ 9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 10} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II {¶ 11} "THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE MINOR CHILD SHOULD NOT BE PLACED WITH APPELLANT AND THAT IT WAS IN THE MINOR CHILD'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF MUSKINGUM COUNTY CHILDREN'S SERVICES."
 III {¶ 12} "MOTHER/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON (1984), 466 U.S. 668, 80 L. ED.2D 674, 104 S.CT. 2052."
 I, II, III {¶ 13} Appellant claims the trial court's decision to grant permanent custody of the child to appellee was against the manifest weight and sufficiency of the evidence, *Page 5 
and was not in the best interests of the child. Appellant also claims she was denied the effective assistance of counsel.
 {¶ 14} Pursuant to Anders, this court has conducted an independent review of the record and finds no errors occurred that would require this court to reverse the trial court's decision.
 {¶ 15} Appellant was re-appointed counsel on March 14, 2007, so she was represented by counsel throughout the proceedings and during the hearing. The trial court thoroughly explained to appellant all of her rights, including the fact that her appeal rights would be very limited if she stipulated to a finding of abuse and permanent custody to appellee. T. at 2-5. Appellant stated she understood. T. at 4. The trial court addressed appellant's counsel to make sure appellant "understands and comprehends" what was explained to her and the consequences of her stipulation. T. at 5. Appellant's counsel stated, "Yes Your Honor * * * [w]e have discussed those resolutions several different times through out the course of this case." Id. Thereafter, the trial court found the child to be abused and as far as appellant was concerned, the child would be placed in appellee's permanent custody. Id. Appellant and her counsel then left the courtroom. T. at 6.
 {¶ 16} On March 26, 2007, a psychological evaluation conducted by H. A. Beazel, Psy. D., was filed. Dr. Beazel opined the following:
 {¶ 17} "Considerable caution is also recommended prior to placing the child with her [appellant] as her repeated denial or functional negation of the severity of the infant's injuries (and her refusal to even consider the possibility that her husband may have caused the injuries) reflects a level of psychological denial that is extraordinarily *Page 6 
pathological, and does not bode well for her ability to provide adequate levels of monitoring/attention, care or treatment."
 {¶ 18} On May 10, 2007, appellant's counsel filed a motion for court appointed psychologist and evaluation "for purposes of determining competency, mental health illness and the effects of the same and intellectual capabilities." Appellant's counsel stated the evaluation would assist him "in determining her capability of making intelligent and informed decisions regarding very important matters concerning this case including, but not limited to trial strategy and waiver of rights in this case." The trial court granted the motion on May 14, 2007, and appellant underwent another psychological evaluation conducted by court appointed psychologist, David Tennenbaum, Ph.D. In his evaluation filed July 18, 2007, he opined the following:
 {¶ 19} "In my opinion, Paula at this point does evidence sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding, and a rational as well as factual understanding of the proceedings against her.
 {¶ 20} "The much more difficult issues here are attempting to appreciate how this lady's chronic mental illness impacts, and recognizing that the Court must address Konner's best interests, it seems somewhat simplistic, rather na Ï ve to suggest that with the extensively documented history, and her presentation currently, clinically and through testing, that Paula evidences the ability to provide for her son."
 {¶ 21} On February 20, 2008, appellee filed a motion for expedited annual review hearing and reasonable efforts hearing. A hearing was held on March 5, 2008. By entry filed March 10, 2008, the trial court found "[r]easonable efforts have been made to eliminate the continued removal of the child from the home, or to return home *Page 7 
safely." The trial court concluded, "[t]hese services have not enabled the child to return home due to the father's incarceration for two counts of felony child endangering, and the mother's psychological evaluations indicating her inability to provide day-to-day care for the medically fragile child."
 {¶ 22} On March 19, 2008, Mr. McBrayer pled guilty to two counts of child endangering regarding his role in Konner's injuries, and received a sentence of eight years in prison (Case No. CR2007-0030). Said case was affirmed by this court on appeal. See, State v. McBrayer (August 13, 2008), Muskingum App. No. CT2008-0015.
 {¶ 23} On March 31, 2008, the guardian ad litem filed her report and opined the following:
 {¶ 24} "Konner McBrayer is a medically fragile child with no hope of meaningful interactions with his environment. His condition was caused by David McBrayer. Paula McBrayer either did not try or was unable to protect Konner from the harm caused by David McBrayer. Today Paula McBrayer does not have the capability to provide for Konner's needs and it is still doubtful that she could protect him. Konner has been fortunate to be placed in a home with people who have a great capacity for love, in addition to skill in providing and arranging for his care. It would appear that unless an adoptive placement is arranged, Konner will be able to remain with his foster family permanently."
 {¶ 25} The record in this matter contains sufficient, competent and credible evidence to support the trial court's decision. *Page 8 
 {¶ 26} For these reasons, after independently reviewing the record, we agree with Attorney Benbow's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the trial court's judgment.
 {¶ 27} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division, is hereby affirmed.
 Farmer, J., Hoffman, P.J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division, is affirmed.
Attorney Brian Benbow's motion to withdraw as counsel for appellant, Paula McBrayer, is granted. *Page 1